In the Matter of the Claim of JOSEPH LA FELICE, Appellant, against STONE & WILKIE, Employer, and the STATE INSURANCE FUND, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 11, 1942.

*Michael A. Di Salvo*, for the appellant.

*William F. O'Rourke* [*George J. Hayes* of counsel; *Victor Fiddler* with him on the brief], for the employer and State Insurance Fund, respondents.

*John J. Bennett, Jr., Attorney-General*, for the State Industrial Board, respondent.

HILL, P. J. Claimant appeals. The findings recite that on October 22, 1927, while he was pushing a wheelbarrow along a runway he fell three stories and sustained a compound fracture of the femur, " fractured ankle, injuries to the head, back and abdomen " for which he received schedule awards for eighty-seven and one-half per cent loss of use of the left foot and fifty per cent loss of use of the right leg. Before June 24, 1935, he had received $8,490, the full amount of the schedule award, and " thereafter the case was reopened and a decision made on March 12, 1936 that the case be settled for the sum of $1,700.00 for all past, present and future disability, to which the claimant assented and the lump sum award was approved."

Early in 1939 claimant asked for reconsideration of his case, asserting that he was permanently and totally disabled. He submitted the affidavits of two or more physicians which supported his contention. There was medical testimony in opposition to closing the case originally on the schedule awards as reduced earning capacity seemed certain because of the permanent injuries other than those compensated for by the schedule awards. The parties on this appeal lay great stress upon the question of whether

claimant was rendered unconscious when he fell forty feet to the ground underneath a wheelbarrow load of material. The reason appears to be that his claimed disability would naturally result from a fractured skull and unconsciousness would ordinarily attend such injury. It would seem to a lay mind that a fall like that described would occasion unconsciousness, unless the claimant was a most unusual type. The carrier stresses the importance of a report obtained from the Harlem Hospital to which claimant was admitted on October 22, 1927, and from which he was discharged on January 30, 1928. Among the entries are the following: " Diag. Fractured femur — shaft right — C. C. Pain and loss of function of both legs. P. I. Pt. fell off an elevator a distance of 3 floors, landing on his legs. As a result, he cannot move them and has severe pain continuous in nature. Was not unconscious. No previous injury to leg. As a result, he cannot move them and has severe pain, continuous in nature. Was not unconscious. No previous injury to leg." The report shows that the patient had operations on October 24 and 28, November 2 and 7, and December 6, 1927. The last entry was made on December 24, 1927. While the patient was in the hospital a month and six days thereafter, no entries appear therefor.

Claimant asserts that he is suffering now from continuous headaches, dizziness, loss of hearing, disarrangement of the pelvic bones and pains in the back and that he spends his time sitting or lying down. It cannot be questioned that claimant did not receive full compensation in 1928 when the schedule awards were made, for the carrier consented in 1936 to pay $1,700 more. This payment could have been made only as a lump sum settlement for loss of earning capacity, as the percentages in the schedule awards were not changed. Theoretically it may be of major importance whether claimant was rendered unconscious by his fall, but practically, the issue is whether he has received awards commensurate with his injuries and compensatory for his loss of earnings.

Claimant's physicians and witnesses sustain his assertion as to unconsciousness and that there was a fracture of the skull. This is corroborated in part by other items of proof. The employer's first report describes the accident: " Taking a wheelbarrow of blocks from the hoist and while wheeling along a run when the wheelbarrow overbalanced and threw him off the run and he fell three stories. * * * Compound fracture of the right leg with possible injury to spine." Following are quotations from reports made by seven physicians, six of them being the medical staff of the Labor Department. Dr. Mehler, February, 1936: " At present he complains of pain in his back. Examination shows limitation in full

mobility of the spine. * * * In answer to the question whether a $1700.00 settlement is indicated, my answer is 'yes.'" Dr. Schmitter, September, 1931: "What disability the claimant has is psychic for which I recommend a non-schedule final adjustment." Dr. Wallace (not member of staff), September, 1934: "I feel that this patient has a permanent condition due to his injury and while there is a psychic element present in his case, I do feel that this can be overcome with proper psychiatric encouragement, along with a little physiotherapy. Unless these measures are instituted with proper sympathetic understanding, Mr. Felice will become a permanent liability to society." Dr. Johnson, May, 1931: "There is a tilting of the pelvis to the left and the claimant walks, holding the left knee stiffly and there is an aversion of the left foot, causing some tilting of the pelvis. There was a slight defect in bending forward and backward, claimant complaining of pain, which he refers to the lumbar muscles, also some slight rigidity over the right erector-spinae muscles." Dr. Singer, 1930: "Examination of the back shows a tilting of the pelvis to the left with a lowering of the left gluteal fold. There is mild atrophy of the muscles of the right gluteal region." He quotes another physician whom he designates an otologist, who found loss of hearing forty-three per cent in the right ear and forty-six per cent in the left, which the otologist did not attribute to the accident; however, he fails to disclose any other source. Dr. Fisher, 1929: "Claimant walks with a marked defect in gait with the aid of canes. He holds the back rigidly. Examination reveals spasticity of the back muscles with restriction in mobility of the trunk." Dr. Israel, 1929: "Claimant sustained an injury to his head, back, abdomen and both lower extremities. He complains of headaches, dizziness, ringing in the right ear, pain in the back and pain and swelling of the left foot."

This claimant is unemployed. The lump sum settlement was made after the Industrial Board had determined that he suffered accidental injuries other than those compensated for by the schedule awards. With the history partially recited above, $1,700 seems wholly inadequate to compensate him for his non-schedule injuries.

The decision should be reversed and the matter remitted to the Industrial Board.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Decision reversed and the matter remitted to the Industrial Board, with costs to the appellant against the State Industrial Board.